UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEON FAUNTLEROY and CHANTAINE T. FAUNTLEROY,

        Plaintiff(s),

  vs.

GMAC MORTGAGE CORPORATION, et al.,

        Defendant(s).

No. C 10-01468 MHP

**ORDER RE FILING OF COMPLAINT AND OTHER DOCUMENTS**

        Plaintiffs filed a complaint with this court on April 7, 2010, alleging claims under the Truth in Lending Act, 15 U.S.C. section 1601et seq., the Fair Debt Collection Practices Act, 15 U.S.C. section 1692 et seq., and California Business and Professions Code section 17200.  The document, filed as a complaint, is sixty-four pages long, the first three pages being the only ones that resemble a complaint, albeit deficient, and the rest of the pages consisting of a conglomeration of papers, memoranda, lists of cases, documents prepared by plaintiffs and numerous other pieces of paper the relevance of which is unclear.

        The Federal Rules of Civil Procedure which govern the federal courts and the proceedings before them provide in section 8(a) that the complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Plaintiffs' complaint is anything but a short and plain statement of the claim.  It meanders on for sixty-four pages from which it is not possible to glean any facts or basis for relief.  In the first three pages, which are the only ones that are succinct, it fails to identify the property at issue, the dates of the transactions involved and other crucial information about the transactions.  The remaining pages are essentially a

raft of accusations; documents created by plaintiffs; quotes from cases, writings of various types and the internet; and miscellaneous ramblings.

The Supreme Court has made it clear that in order for a complaint to pass muster it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'". *Ashcroft v. Iqbal*, ___U.S.___, 129 S.Ct.1937, 1949 (2009)(quoting *Bell Atlantic Corp.v. Twombly*, 550 U.S. 544, 570 (2007)).  To be plausible the complaint must allege the quality and quantity of facts that permits the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged". *Id*.  Mere recitation of the elements of a claim or legal conclusions will not suffice.

The complaint in this case satisfies neither Rule 8(a) or the *Iqbal-Twombly* requirements.

Defendants have filed a motion to dismiss the complaint on these and other grounds.  In the meantime plaintiffs have filed another "complaint" which is even more verbose and more than twice as long as the first.[1]  This would, of course, ordinarily be an amended complaint and since no responsive pleading has been filed, a plaintiff may amend once as a matter of course.  Fed. R.Civ.P. 15(a)(1).  However, the court declines to accept the filing of this pleading.  It will be lodged with the court.  This new complaint fails all the requirements of Rule 8(a), *Iqbal* and *Twombly*.  Defendants should not have to respond to a document this voluminous and incomprehensible and no court should have to wade through such a morass.

Plaintiffs' date for filing an opposition to defendants' motion, which reaches the merits of the case, is June 7, 2010.  The court is giving fair warning to plaintiffs that their **opposition may not exceed 25 pages** as required by the Civil Local Rules of this District, Civil.L.R.7-3(a).

IT IS SO ORDERED.

Date: May 24, 2010

                                              MARILYN HALL PATEL
                                              United States District Court Judge
                                              Northern District of California

2

**ENDNOTES**

1. Even plaintiff gave up numbering the pages after number 129.

3